IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRIAM OSORIO, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 19-660 |
| | ) District Judge J. Nicholas Ranjan |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| TCV COMMUNITY SERVICES, RICHARD WHITE, DAWN BERARDO, ASHLEY LEONARD BRINKMAN, and CAPITAL HEALTH CARE SOLUTIONS, INC. | ) Re: ECF Nos. 97 and 98 |
| | ) |
| Defendants. | ) |
| | ) |
| DAWN BERARDO, RICHARD WHITE, TCV COMMUNITY SERVICES, and ASHLEY LEONARD BRINKMAN | ) |
| | ) |
| Cross Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| CAPITAL HEALTHCARE SOLUTIONS, INC. | ) |
| | ) |
| Cross Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff Miriam Osorio ("Plaintiff") brings this pro se action asserting various claims arising out of the termination of her employment. ECF No. 39. Presently before the Court is a Renewed Rule 37 Motion for Sanctions filed by Defendants Dawn Berardo ("Berardo"), Richard White ("White"), Ashley Leonard Brinkman ("Brinkman") and TCV Community Services ("TCV") (collectively, the "TCV Defendants"). ECF No. 97. Also before the Court is a Renewed Motion for Sanctions under Federal Rule of Civil Procedure 37 filed by Defendant Capital

Healthcare Solutions, Inc. ("Capital").  ECF No. 98.  For the reasons that follow, the Renewed Motions for Sanctions are granted.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff filed her original Complaint on July 2, 2019.  ECF No. 3.  Thereafter, the Court granted Plaintiff's request for leave to amend her Complaint, and Plaintiff filed the operative Amended Complaint on January 3, 2020.  ECF Nos. 36 and 39.

On February 25, 2020, the Court held an initial case management conference with the parties.  ECF No. 48.  During the conference, Plaintiff was instructed to produce relevant documents supporting her claims, including any documents regarding any charge she filed with any administrative agency, as well as documents regarding her damages and mitigation of the same.  The Court set a fact discovery deadline of August 31, 2020.  ECF No. 49.

In June 2020, Capital and the TCV Defendants served written discovery requests on Plaintiff.  ECF No. 64-1; ECF No. 61-2.  In addition, Capital noticed Plaintiff's deposition to take place on July 31, 2020 at the law offices of Buchanan Ingersoll & Rooney P.C. in Pittsburgh, Pennsylvania.  ECF No. 61-2.

On August 5 and 6, 2020, Capital and the TCV Defendants filed motions to compel Plaintiff to provide full and complete responses to their written discovery requests and to appear for her deposition.  ECF Nos. 61 and 64.  Defendants also notified the Court that Plaintiff repeatedly stated that she was unavailable to attend a deposition on numerous dates offered by the Defendants.  Id.

The Court conducted a telephone conference with the parties on August 13, 2020 to address the parties' discovery disputes, including the pending motions to compel.  ECF No. 70.  During this conference, the parties discussed accommodations that Defendants were willing to make with

respect to scheduling Plaintiff's deposition in order to complete fact discovery by the August 31, 2020 deadline. The Court made clear that Plaintiff must appear for her deposition and produce full and complete discovery responses in advance of her deposition. Id.

On August 16, 2020, the Court issued Orders granting Defendants' motions to compel in part. ECF Nos. 71 and 72. Relevant here, the Court ordered Plaintiff to provide full and complete Supplemental Answers to the TCV Defendants' Interrogatories Nos. 1 and 3 through 21 and Supplemental Responses to the TCV Defendants' Requests for Production Nos. 1 through 12, without objections, by August 26, 2020. ECF No. 72 ¶ 1. The Court further ordered Plaintiff to produce complete responses, without objection, to Capital's First Set of Interrogatories to Plaintiff, specifically Interrogatories Nos. 2 through 8 and 10, and Capital's First Request for Production of Documents Directed to Plaintiff on or before August 26, 2020. ECF No. 71 ¶¶ 1-2. In addition, the Court ordered Plaintiff to appear for video deposition on August 29, 2020 at 9:30 a.m. ECF No. 72 ¶ 2.

The Court clearly notified Plaintiff:

> Notice is hereby given to Plaintiff that if she fails to comply with th[ese] Order[s] that she may be subject to sanction up to and including the dismissal of this action.

ECF No. 71 ¶ 6; ECF No. 72 ¶ 4.

Plaintiff failed to provide full and complete responses to Defendants' discovery responses by August 26, 2020, as ordered. As a result, Capital and the TCV Defendants filed Motions for Sanctions pursuant to Federal Rule of Civil Procedure 37 on August 27 and 28, 2020. ECF Nos. 82 and 83.

On August 28, 2020, the Court held another telephone conference with the parties. ECF No. 92. During the conference, the Court reiterated to Plaintiff that she was required to produce full and complete discovery responses, including relevant documents, and to appear for a

deposition. Id. On September 3, 2020, the Court issued the following Orders granting in part and denying in part Defendants' Motions for Sanctions, in which the Court stated:

> Also, Plaintiff is again ordered to provide full and complete discovery responses to Defendants' discovery requests by September 8, 2020. If Plaintiff fails to do so, [Defendants] may file a renewed motion for sanctions against Plaintiff, including the dismissal of this action.

ECF Nos. 86 and 87.

Yet again, Plaintiff failed to produce supplemental discovery responses or documents by September 8, 2020, as ordered by the Court. Based upon Plaintiff's failure to comply, Defendants filed the instant Renewed Motions for Sanctions, ECF Nos. 97 and 98, on September 9, 2020, to which Plaintiff filed Responses on September 2020, ECF Nos. 100 and 101.

On September 18, 2020, the Court issued the following Order, requiring Plaintiff to provide full and complete discovery responses by noon on September 22, 2020.

> ORDER finding that Plaintiff was previously directed by this Court to provide full and complete discovery responses to Defendants by 8/26/20, ECF Nos. 70, 71 and 72. Plaintiff did not comply. The Court then extended the deadline for Plaintiff to respond to 9/8/20, ECF Nos. 86 and 87. On 9/9/20, Defendants filed Renewed Motions for Sanctions based on Plaintiff's failure to provide the discovery responses and to comply with the prior express orders of this Court, ECF Nos. 97 and 98. On 9/9/20, the Court ordered Plaintiff to provide the discovery responses by 9/15/20 and to . . . address why she had failed to comply with the prior Orders of this Court expressly directing her to provide full[] and complete discovery responses by 9/8/20, ECF No. 99. Plaintiff did not provide the responses by 9/15/20 nor did she respond to Order by 9/15/20. Instead, she filed two responses on 9/16/20 stating that a family member had been in the hospital on 9/12/20 and responses would be provided "in the coming week." ECF Nos. 100 and 101. **Plaintiff is hereby ORDERED to provide FULL AND COMPLETE DISCOVERY RESPONSES as set forth in the prior Orders of this Court by noon on Tuesday, 9/22/20. Failure to do so will result in the imposition of sanctions, up to and including the dismissal of this case**.

ECF No. 102 (emphasis added).

On September 22, 2020, Defendants submitted a Joint Notice to the Court of Plaintiff's Failure to Comply with Court Orders. ECF No. 103. In this Notice, Defendants assert that Plaintiff

4

has failed to provide full and complete discovery responses to the Defendants' discovery responses by noon on September 22, 2020, as set forth in the Court's Order at ECF No. 102. Id. ¶ 4.

In addition, Plaintiff was sent a Second Amended Notice of Deposition for her in-person deposition to take place on September 26, 2020, along with a COVID-related questionnaires for the building and the law firm where the deposition is scheduled to take place. ECF No. 103-1. Capital requested that Plaintiff provide notice on or before September 22, 2020 if Plaintiff was unable to attend the deposition. Id. According to Defendants, Plaintiff has not responded to these communications to date. ECF No. 103 ¶ 9.

## II.   DISCUSSION

Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions against a party that fails to comply with a court order. Fed. R. Civ. P. 37. Although the Federal Rules of Civil Procedure permit a court to sanction, "[t]he ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court." Dufala v. Primanti Bros., No. 2:15-cv-647, 2015 U.S. Dist. LEXIS 132964, at *2 (W.D. Pa. Sept. 30, 2015) (citing Bowers v. Nat'l College Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007)).

Federal Rule of Civil Procedure 37 provides, in relevant part:

> (b)(2) **Sanctions Sought in the District Where the Action is Pending**.
>
> (A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent – or witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence:

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

As recently recognized by District Judge Joy Flowers Conti of this Court:

In applying Rule 37(b), district courts have "very broad discretion" to use sanctions where necessary to ensure compliance with pretrial orders: this facilitates the "expeditious and sound management of the preparation of cases for trial." Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007) (involving objections to a special master's R&R about Rule 16(f) sanctions). Although Rule 37(b) "provides a 'veritable arsenal of sanctions' to deter and rectify discovery violations," is not equivalent to carte blanche; the court's discretion is limited in two ways: (1) any sanction must be just; and (2) the sanction must be specifically related to the specific claim that was at issue in the order to provide discovery. Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 580-582 (3d Cir. 2018) (citations omitted) (rejecting veil piercing sanction not authorized by substantive law). In other words, the "unproduced discovery [must] be sufficiently material to the administration of due process to support a presumption that the failure to produce constituted an admission by the offending party that its asserted claim or defense lacked merit." Id. In Clientron, the court of appeals cautioned: "nothing in this opinion should be read to cast doubt on the District Court's authority to levy a sanction given the gravity of the misconduct, nor should the opinion be read to take issue with the severity of the sanction originally imposed." 894 F.3d at 582.

In Deitrick v. Costa, No. 4:06-CV-1556, 2019 WL 450216 (M.D. Pa. Feb. 5, 2019), the court succinctly summarized the legal rules governing the imposition of sanctions on a party who fails to comply with a discovery order:

> Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions against a party who fails to comply with a discovery order. DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 2014). "The choice of an appropriate sanction generally is committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d at 788 (citation

> omitted). "Sanctions for the violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even to the dismissal of all or part of the action." Craig v. Kelchner, No. 3:07-CV-1157, 2010 WL 528331 (M.D. Pa. Feb. 11, 2010) (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)). In addition, Fed. R. Civ. P. 37(b)(2)(C) provides for the sanction of reasonable expenses including attorney fees against a party failing to comply with an Order.
>
> …
>
> In imposing sanctions, the sanction must be specifically related to the particular claim or claims at issue in the Order to provide discovery violated by the offending party. Furthermore, the Court must "assess the culpability of the offending party and the prejudice to the party seeking sanctions" in determining the appropriate sanction. Craig v. Kelchner, No. 3:07-CV-1157, 2010 WL 528331 (M.D. Pa. Feb. 11, 2010) (citation omitted).
>
> [2010 WL 528331,] at *5. Rule 37(b)(2)(C) directs that instead of or in addition to the sanctions described above, the court "must" order the disobedient party, the advising attorney, or both to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. In re Atomica Design Grp., Inc., No. 12-17235, 591 B.R. 217, 233 (Bankr. E.D. Pa. 2018).

Miller v. Thompson-Walk, No. 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019).

It is also recognized that a party subject to a sanction under Rule 37(b)(2) generally has engaged in multiple discovery violations. See Nat'l Fire & Marine Ins. Co. v. Robin James Construction, Inc., 478 F. Supp. 2d 660, 663 (D. Del. 2007) (sanctioning defendant for violating multiple discovery orders); Moser v. Bascelli, 879 F. Supp. 489, 493-94 (E.D. Pa. 1995) (imposing a sanction of attorneys' fees and expenses on plaintiff for continuing to disobey a court order).

Furthermore, when considering dismissal as a sanction, the United States Court of Appeals for the Third Circuit requires that a court balance "the record as a whole" along with "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness;

(4) whether the attorney's conduct was willful or in bad faith; (5) alternative sanctions; and (6) the meritoriousness of the claim." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

Based upon the record before this Court, the Court finds that the imposition of sanctions is warranted under Federal Rule of Civil Procedure 37 in light of Plaintiff's repeated and willful violation of this Court's discovery Orders. Although the record could warrant dismissal, the Court does not find that dismissal is warranted at this juncture, however, **Plaintiff is hereby notified that if she fails complete the COVID questionnaires required for the deposition site, if she fails to appear for her deposition on September 26, 2020 at the time and location scheduled, or she fails to cooperate in answering questions at her deposition, this action will be dismissed.**

AND NOW, this 22nd day of September, 2020, it is hereby ORDERED that Defendants' Renewed Motions for Sanctions, ECF Nos. 97 and 98, are GRANTED as follows:

1. Plaintiff is prohibited from opposing Capital and the TCV Defendants' defenses including, but not limited to, Plaintiff's failure to exhaust administrative remedies, Plaintiff's failure to mitigate her damages, Plaintiff's continued employment by Plaintiff as a bar to her wrongful termination claim, Capital's reliance upon TCV's representations in connection with their request to remove Plaintiff from their schedule, and after acquired evidence related to Plaintiff's conduct.

2. Plaintiff is prohibited from introducing any testimonial evidence regarding her claims that was not already included in her Initial Disclosures and responses to Interrogatories, including evidence related to her discrimination, harassment and retaliation claims (Counts III, IV, VI, VII, and VIII), as well as her defamation claim (Count I), and her claim for

emotional distress (Count IX); and she is prohibited from introducing any documentary evidence that has not already been produced in the litigation.

3. Capital and the TCV Defendants are granted an adverse inference for documents requested but not produced including those related to her discrimination, harassment, and retaliation claims (Counts III, IV), VI, VII, and VIII), as well as her defamation claim (Count I), and her claim for emotional distress (Count IX).

4. **Plaintiff is notified that if she fails complete the COVID questionnaires required for the deposition site, if she fails to appear for her deposition on September 26, 2020 at the time and location scheduled, or she fails to cooperate in answering questions at her deposition, this action will be dismissed.**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel and self-represented parties via CM/ECF